


Cameron M. Hall; AZ Bar No. 025177
**THE LAW FIRM OF CAMERON HALL & ASSOCIATES, LLC**
24230 N. 25th St.
Phoenix, AZ 85024
Telephone: 602.639.4839
Facsimile: 602.513.7449
Cameron@Hall*Law*.com

Attorney for Plaintiff
NAT PALANIAPPAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALAKSA

| | |
|---|---|
| NAT PALANIAPPPAN, an individual and resident of the State of Arizona<br><br>Plaintiff,<br><br>v.<br><br>NORTON SOUND HEALTH CORPORATION; JOHN and JANE DOES I-X; ABC CORPORATIONS I-X; ABC PARTNERSHIPS I-X; and ABC LIMITED LIABILITY COMPANIES I-X,<br><br>Defendants. | Case No. 3:10-CV-00175-TMB<br><br>**VERIFIED COMPLAINT**<br><br>(Jury Trial Requested) |

COMES NOW, *pro se* Plaintiff NAT PALANIAPPAN, and hereby complains and alleges against the above-named Defendants as set forth below:

**PARTIES, VENUE, JURISDICTION**

1. Plaintiff NAT PALANIAPPAN, ("**PALANIAPPAN**") is a married individual and resident of Maricopa County, Arizona.

2. Defendant NORTON SOUND HEALTH CORPORATION ("**NSHC**"), is an Alaska organized non-profit corporation with its principal place of business located in the City of Nome, Alaska and is thereby a citizen of Alaska as provided in 28 U.S.C. § 1332(c)(1).

3. The alleged acts and/or omissions on behalf of Defendant NSHC, occurred in, or had primary effect in, the state of Alaska.

4. Defendants JOHN and JANE DOES I-X are persons whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon Plaintiff's learning such information.

5. Defendants ABC CORPORATIONS I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon Plaintiff's learning such information.

6. Defendants ABC PARTNERSHIPS I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon Plaintiff's learning such information.

7. Defendants ABC LIMITED LIABILITY COMPANIES I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon Plaintiff's learning such information.

8. This District Court has general *in personam* jurisdiction over Defendant NSHC because, during times material to this Complaint, NSHC either directly or through its direct business relationships and connections, has maintained substantial and/or continuous and systematic contacts with the State of Alaska as evidenced by the following particulars:

    A. The primary contractual agreement at issue was substantially performed in Alaska; and,

    B. Defendant NSHC has regularly conducted commercial activities and transactions within Alaska and/or with residents of the state of Alaska.

9. In addition, and in the alternative, this Court has specific *in personam* jurisdiction over Defendant NSHC because such Defendant has purposely availed itself of the privilege of conducting commercial activities in Arizona; the Plaintiff' claims arise and/or result from these activities; and the exercise of jurisdiction would be reasonable.

10. This District Court has general subject matter jurisdiction over this matter because (a) it is a civil action; (b) involving a justiciable controversy; (c) the matter in controversy exceeds $ 75,000.00 exclusive of interest and costs; and (d) the controversy is between citizens of different states.

11. This Court therefore has diversity jurisdiction over the claims set forth in this Complaint under 28 U.S.C. § 1332(a)(1).

12. Venue is proper in accordance with 28 U.S.C. § 1391(a)(1),(2).

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

13. Former NSHC President/CEO Dennis Tiepelman offered to hire Plaintiff PALANIAPPAN to serve as Chief Financial Officer ("**CFO**") for NSHC on or about July 27, 2006. *See*, "**Exhibit 1**" attached hereto and incorporated by reference herein.

14. That offer, which PALANIAPPAN accepted, provided for an annual salary of $136,000 plus benefits, including certain relocation expenses and a hiring bonus of $9,600. *See* **Exhibit 1.**

15. On or about September 7, 2006, Mr. Tiepelman sent a Memorandum further clarifying NSHC's "contractual obligation" to Mr. PALANIAPPAN regarding the terms and conditions of his employment (the "**Memorandum Agreement**"). *See*, "**Exhibit 2**" attached hereto and incorporated by reference herein.

16. That Memorandum Agreement guaranteed to Plaintiff that NSHC would employ him for a minimum period of two (2) years, and would further pay him six (6) months of salary and benefits in the event he was ever terminated prior to the expiration of two years or discharged without good cause. Mr. Tiepelman's sworn affidavit furthermore states that "The Memorandum was intended to materially induce Mr. Nat Palaniappan into remaining employed at NSHC, providing six (6) month notice before resigning, and investing additional time, effort, and labor for the benefit of Company on a long-term basis, all in return for a promise of six (6) months of salary continuation in the event the employee was ever terminated. I believe that the Memorandum did so induce Mr. Palaniappan to provide those additional services to the Company." *See*, "**Exhibit 3**" attached hereto and incorporated by reference herein.

17. Shortly after authoring the Memorandum Agreement, Mr. Tiepelman was terminated by NSHC and replaced by Mr. Trevor Colby. Mr. Colby immediately set about engaging in, *inter alia*, a pattern of unethical and illegal conduct, including accounting chicanery, overriding PALANIAPPAN's password to alter and delete critical accounting data, intercepting emails, and subjecting Mr. PALANIAPPAN to insulting racial slurs and degrading personal remarks.

18. Plaintiff PALANIAPPAN opposed such conduct openly and vehemently, including reporting it internally. However, rather than acting to stop Mr. Colby, Board Member Berda Wilson joined in by attacking Mr. PALANIAPPAN personally and professionally, as well as making degrading racial remarks.

19. Despite NSHC's illegal and unethical conduct, and the tremendous physical and mental stress it caused, Mr. PALANIAPPAN's job performance continued to be exemplary.

20. Mr. PALANIAPPAN's repeatedly reported the illegal and unethical conduct by Mr. Colby and others to the Board of Directors and other supervisors with the hopes that action would be taken to prohibit such conduct.

21. Then, approximately eighteen months into his employment, Mr. PALANIAPPAN received a post-dated correspondence advising him that NSHC had "elected to exercise [its] right to terminate [his] written employment agreement." *See*, "**Exhibit 4**" attached hereto and incorporated by reference herein.

22. The notice asserted, quite unbelievably, that NSHC was "unaware" of the contractual terms outlined in the Memorandum Agreement, and furthermore requesting a copy of that Memorandum. *See*, Exhibit 4.

THE LAW FIRM OF
CAMERON HALL & ASSOCIATES
24230 N. 25th St.; Phoenix, AZ 85024
Tel: 602.639.4839 – Cameron@HallLaw.com

23. Mr. PALANIAPPAN promptly responded, providing NSHC with a copy of the Memorandum Agreement, and furthermore notifying the Board of Directors and Executive Committee of the severance provisions contained therein. *See,* "**Exhibit 5**" attached hereto and incorporated by reference herein.

24. After receiving the benefit of Mr. PALANIAPPAN's substantial professional talents, NSHC wrongfully terminated him and "eliminated" his position prior to the expiration of two years.

25. NSHC's precipitous action is clearly in breach of the Memorandum Agreement, and NSHC further breached that agreement by not providing Mr. PALANIAPPAN with six months of pay and benefits after his termination.

## COUNT I
## BREACH OF CONTRACT

26. Plaintiff hereby realleges and incorporates by reference each and every paragraph, *supra,* as if fully restated herein.

27. Plaintiff further alleges that his contract with Defendant NSHC constitutes an enforceable contract providing for, *inter alia,* the payment of certain consideration by NSHC for the professional services to be provided by Mr. PALAIAPPAN.

28. Plaintiff has fully, faithfully, and completely discharged his duties and obligations under the terms of such contract.

29. Defendant NSHC, by and through the conduct, acts, and failures to act of its managers, supervisors, agents or employees, each while acting in within the scope of his or her employment, has materially breached the express and/or implied contractual obligations owed to Plaintiff in, *inter alia,* the following particulars:

A. Refusing to compensate Plaintiff for six (6) months severance pay as expressly provided in his contractual agreement

B. Imposing economic distress upon Plaintiff by terminating him in violation of his rights to reasonably receive severance pay and benefits;

30. Plaintiff PALANIAPPAN has been substantially and materially harmed by Defendant's breach of such contract including the loss of past, present and future profits and commissions as well as other valuable benefits.

31. Plaintiff has reasonably mitigated his existing and future damages.

32. Plaintiff's actual, consequential, and incidental damages, specifically including loss of past, present, and future lost profits and commissions as well as other valuable benefits, is easily reducible to a sum certain amount to be proved at trial.

33. Defendant's breach of a contract also entitles Plaintiff to award of attorney's fees and costs pursuant to Alaska laws.

## COUNT II
## BREACH OF WARRANTY OF GOOD FAITH & FAIR DEALING

34. Plaintiff hereby realleges and incorporates by reference each and every paragraph, *supra*, as if fully restated herein.

35. Plaintiff PALANIAPPAN's contract with Defendant NSHC respecting employment as CFO necessarily by application of Alaska law includes an implied covenant of good faith and fair dealing.

36. As interpreted by the Alaska Courts, the implied warranty of good faith and fair dealing prevents Defendant from doing anything that prevents Plaintiff from receiving the benefits of his agreement with Defendant.

37. By and through the acts and omissions of its officers, managers, employees, and/or agents, Defendant NSHC has breached its obligation of good faith and fair dealing and deprived Plaintiff PALANIAPPAN from receiving the benefits and entitlements of its contractual agreement with NSHC.

38. Plaintiff PALANIAPPAN is entitled to recover damages for all compensatory and special damages caused by or resulting from the Defendants breach of warranty, including recovery of attorneys' fees and costs in accordance with Alaska law.

## COUNT III
## PROMISSORY ESTOPPEL

39. Plaintiff hereby realleges and incorporates by reference each and every paragraph, *supra*, as if fully restated herein.

40. Plaintiff PALANIAPPAN further alleges that Defendant NSHC promised that he would receive severance benefits in the event NSHC terminated the contract prior to the expiration of two years.

41. It was reasonably foreseeable to Defendant NSHC that Plaintiff PALANIAPPAN would rely on the above referenced promises in choosing to accept the job offer and relocating to Nome, Alaska.

42. Plaintiff PLANIAPPAN has justifiably relied upon the promises of Defendant NSHC in choosing to accept the employment position and relocating to the Alaska.

43. Until announced by Defendant NSHC, Plaintiff did not know, nor had reason to know, that Defendant NSHC would substantially and materially deny him the severance benefits promised in the event he was terminated prior to the two year period.

44. Plaintiff PALANIAPPAN has been substantially and materially harmed by Defendant's breach of such promise, including the loss of past, present and future lost profits and commissions as well as other valuable benefits.

45. Plaintiff has reasonably mitigated his existing and future damages.

46. Plaintiff' actual, consequential, and incidental damages, specifically including loss of past, present, and future profits and commissions as well as other valuable benefits, is easily reducible to a sum certain amount to be proved at trial.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

47. Plaintiff hereby realleges and incorporates by reference each and every paragraph, *supra*, as if fully restated herein.

48. Plaintiff PALANIAPPAN alleges that Defendant NSHC represented to Plaintiff that he would be employed for a minimum of two years, or would be paid severance wages and benefits in the event he was discharged or terminated sooner.

49. Defendant NSHC represented false or incorrect information to Plaintiff and/or Defendant NSHC omitted or failed to disclose material information regarding its intention to refuse to pay such severance benefits to Plaintiff.

50. The above-mentioned representations and/or failures to disclose were material and central to Plaintiff's decision to contract with Defendant NSHC and relocate to the City of Nome, Alaska.

51. Defendant NSHC failed to exercise reasonable care or competence when it made such misleading representations and/or omitted to disclose accurate information to Plaintiff PALANIAPPAN.

52. Defendant NSHC intended that Plaintiff PALANIAPPAN rely on the information provided in choosing to accept the employment position and relocated to Nome.

53. Plaintiff PALANIAPPAN reasonably relied upon such information in contracting to be employed as the CFO for NSHC.

54. Plaintiff PALANIAPPAN's actual reliance on the false, misleading, and/or incomplete information provided by Defendant NSHC was reasonable and justified under the circumstances.

55. As a result of the above, Plaintiff PALANIAPPAN has been substantially and materially harmed, including the loss of past, present and future lost profits and commissions as well as other valuable benefits.

## COUNT V
## WRONGFUL DISCHARGE

56. Plaintiff hereby realleges and incorporates by reference each and every paragraph, *supra*, as if fully restated herein.

57. Plaintiff alleges that he was discharged by Defendant NSHC.

58. Plaintiff further alleges that his discharge constitutes either or both (a) breach of contract; and/or (b) commission of a tort by Defendant NSHC.

59. Plaintiff was therefore wrongfully discharged by Defendant NSHC.

60. As a result of the above, Plaintiff PALANIAPPAN has been substantially and materially harmed, including the loss of past, present and future lost profits and commissions as well as other valuable benefits.

## COUNT VI
## WRONGFUL DISCHARGE – ALASKA "WHISTLEBLOWER" ACT

61. Plaintiff PALANIAPPAN reasserts and realleges each and every paragraph of this Verified Complaint, *supra*, as if fully restated herein.

62. Defendant NSHC is a "public employer" or "quasi-public corporation" as defined by the Alaska "Whistleblower" Act, A.S. § 39.90.100 *et seq.*

63. Plaintiff PALANIAPPAN, as CFO of NSHC was a "public employee" within the meaning of the Alaska Whistleblower Act.

64. NSHC has discharged, threatened, and/or otherwise discriminated against Plaintiff regarding the employee's compensation, terms, conditions, location, or privileges of employment because: (a) the employee, or a person acting on behalf of the employee, reported to a public body or is about to report to a public body a matter of public concern; and/or (b) the employee participated in a court action, an investigation, a hearing, or an inquiry held by a public body on a matter of public concern.

65. Plaintiff PALANIAPPAN has been materially damaged by the commission of such prohibited personnel practice against him by Defendants.

66. By virtue of A.S. § 39.90.100 *et seq.*, Plaintiff PALANIAPPAN is thereby entitled to recover damages against Defendant NSHC for, *inter alia*, general and special damages, back pay, attorney fees, costs, and full reinstatement, each as determined by the Court.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff PALANIAPPAN respectfully requests that this Honorable Court advance this case on the docket, order a trial at the earliest practical date, and upon such hearing:

(A) Issue an order awarding Plaintiff all direct and consequential damages, including but not limited to past, present, and future lost profits and any other appropriate relief necessary to make Plaintiff whole and compensate them for the breach of contract and tortious conduct described above; and,

(B) Award damages including general and special damages for damages to Plaintiff as more particularly plead *supra*; and,

(C) Award punitive damages and civil penalties against Defendant in order to deter similar action against others;

(D) Award Plaintiff the costs of this action, including reasonable attorney's fees,

(E) Award Plaintiff reasonable pre-judgment and post-judgment interest in the maximum amount allowed by law;

(F) Grant or award Plaintiff with such other legal and equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of July, 2010.

_____
NAT PALANIAPPAN, Plaintiff

# VERIFICATION

Plaintiff NAT PALANIAPPAN declares under penalty of perjury that he has read the foregoing *Verified Complaint* and is familiar with the contents thereof. The matters asserted therein are based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

DATED this 26th day of July, 2010.

_____
NAT PALANIAPPAN, Plaintiff

NAT-P
11212 E. Laurel Lane
Scottsdale
AZ - 85259

CERTIFIED MAIL

7010 0780 0000 2497 2609

UNITED STATES POSTAL SERVICE
1000
99513

U.S. POSTAGE PAID
HIGLEY, AZ
85236
JUL 28 '10
AMOUNT
$4.53
00026942

To
U.S. District Court
222 West 7th Avenue
Anchorage
Alaska ⸺ 99513

Attn:
B. Kappler